**REID & HELLYER**
A Professional Corporation
ANDREW I. ROTH, State Bar No. 049151
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415
aroth@rhlaw.com

EMILE M. MULLICK, State Bar No. 146706
330 North "D" Street
San Bernardino, California 92401
Telephone: (909) 384-1975
emullick@mullick-law.com

Attorneys for Plaintiffs Tabitha Deborah Watkins by her guardian ad litem Thelma Byrd, Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia Watkins by her guardian ad litem Karen Phelps

FILED 2008 OCT -3 AM 10: 32

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA DEBORAH WATKINS by her guardian ad litem Thelma Byrd, BRANDON DEAN RUST by his guardian ad litem Diane Rust, and KAMIA WATKINS by her guardian ad litem Karen Phelps,<br><br>Plaintiffs,<br><br>v.<br><br>RIVERSIDE COUNTY and **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN, INDIVIDUALLY AND AS COUNTY OF RIVERSIDE DEPUTY SHERIFFS,** and RIVERSIDE COUNTY SHERIFF'S DEPUTIES DOES 4 through 10,<br><br>Defendants. | CASE NO. EDCV 08-232 CAS (JCRx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Civil Rights Violations [42 U.S.C. § 1983]**<br><br>2. **Wrongful Death**<br><br>**Special, General and Punitive Damages;**<br><br>**Attorney Fees [ 42 U.S.C. §1988]**<br><br>**Jury Demand** |

///

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. §§1331 and 1343 for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§ 1983 and 1985 and supplemental jurisdiction under 28 U.S.C. § 1367(a) over related claims under California state law.

2. Venue is proper in the Central District of California under 28 U.S.C. sections 1391(a) and (b).

## PARTIES

3. Plaintiffs TABITHA DEBORAH WATKINS, BRANDON DEAN RUST, and KAMIA WATKINS, are the surviving minor children of Decedent KEITH SILAS WATKINS, and bring this action on their own individual behalf and on behalf of KEITH SILAS WATKINS and as his successors in interest.

4. Plaintiffs are entitled to bring this action under Section 377.60(a) of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiffs as successors in interest to KEITH SILAS WATKINS. A true and correct copy of the death certificate for KEITH SILAS WATKINS, as required by C.C.P. §377.32, will be submitted when available.

5. Guardians ad Litem Thelma Byrd, Diane Rust, and Karen Phelps are the mothers and custodial parents of the minors TABITHA DEBORAH WATKINS, BRANDON DEAN RUST, and KAMIA WATKINS, respectively.

6. At all times relevant to the acts and omissions herein alleged **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** and DOES 4 through 10 were law enforcement officers employed by THE COUNTY OF RIVERSIDE, and the RIVERSIDE COUNTY SHERIFF, and are residents of the County of Riverside.

7. Defendant COUNTY OF RIVERSIDE is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States, organized and existing under the laws of the State of California. Timely claims for

damages were filed by all plaintiffs with the COUNTY OF RIVERSIDE in substantial compliance with Cal. Government Code §910, et seq. As of the date of the filing of this Compliant, all of plaintiffs' claims have been denied.

8. Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants 4 - 10. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiffs are informed, believe, and therefore allege that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

### FACTS COMMON TO ALL COUNTS

11. This Complaint concerns the fatal shooting of KEITH SILAS WATKINS by Defendants which occurred on January 23, 2007, in or near a cul-de-sac at the 13000 block of April Drive, in the unincorporated community of Home

Gardens, in the COUNTY OF RIVERSIDE, State of California. Plaintiffs have made several efforts to obtain information about the shooting of KEITH SILAS WATKINS from the Riverside County Sheriff/Coroner, including two requests for information pursuant to the California Public Records Act. Defendants have refused, continue to refuse, and stated their intention to refuse in the future, to release any information to Plaintiffs. This complaint, therefore is necessarily based on information and belief and may need to be amended once Defendants are required to disclose information about their shooting of KEITH SILAS WATKINS.

12. At or around eleven p.m., Plaintiffs' decedent KEITH SILAS WATKINS while in a car was shot by **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** employed by and acting in the course and scope of their employment with the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. After surviving for an appreciable period of time, KEITH SILAS WATKINS later died as a direct and proximate result of these gunshot wounds.

13. Both prior to and during the time in which KEITH SILAS WATKINS was fatally shot, he was not armed with any weapon, he posed no reasonable threat of serious injury to any officer nor to any other individual, he made no verbal threat, he made no aggressive movement, and he made no physical movement which would suggest to a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which he was shot dead, KEITH SILAS WATKINS did not operate his vehicle in such a manner as to suggest to a reasonable officer that he had the will, or the ability to inflict substantial bodily harm against any person. Both prior to and during the time in which defendant officers shot and killed KEITH SILAS WATKINS, the defendant officers were not faced with any circumstances which would have led a reasonable police officer to believe that KEITH SILAS

///

1 WATKINS posed the risk of death, or serious bodily injury to any person, or to
2 believe that the use of deadly force was justified.
3     14. The force used against KEITH SILAS WATKINS was unreasonable,
4 excessive, and deadly. Plaintiffs have complied with the claims requirements of
5 California Government Code Section 910 et. seq.

## FOR THE FIRST CAUSE OF ACTION

(By all Plaintiffs Against All Defendants

for Violations Of Civil Rights [42 U.S.C. § 1983])

9     15. Plaintiffs restate and incorporate by reference the foregoing paragraphs
10 of this complaint as if set forth in full at this point.
11     16. This cause of action is brought on behalf of KEITH SILAS WATKINS,
12 by and through his Successors in Interest, TABITHA DEBORAH WATKINS,
13 BRANDON DEAN RUST, and KAMIA WATKINS, who would, but for his death,
14 be entitled to bring this cause of action, and is set forth herein to redress the
15 deprivation, under color of statute, ordinance, regulation, policy, custom, practice or
16 usage of a right, privilege, and immunity secured to KEITH SILAS WATKINS by
17 the Fourth Amendment to the United States Constitution.
18     17. This cause of action is additionally brought on behalf of TABITHA
19 DEBORAH WATKINS, BRANDON DEAN RUST, and KAMIA WATKINS, to
20 redress the deprivation, under color of statute, ordinance, regulation, policy, custom,
21 practice or usage of a right, privilege, and immunity secured to each of them by the
22 Fourteenth Amendment to the United States Constitution.
23     18. At all times mentioned herein, the Defendant COUNTY OF
24 RIVERSIDE employed the individual Defendants herein. Said Defendant provided
25 its individual Defendant employees and agents with official badges and identification
26 cards which designated and described the bearers as employees of the COUNTY OF
27 RIVERSIDE.
28 ///

19. During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY OF RIVERSIDE. Each of the individual Defendants here, separately and in concert, deprived all plaintiffs of the rights, privileges and immunities secured to them by the Fourth, and Fourteenth Amendments to the United States Constitution and the laws of the United States.

20. Plaintiffs allege that on or about October 8, 2006, Defendants **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** fatally assaulted, battered, shot, and killed KEITH SILAS WATKINS as previously described, all of which constituted deadly, excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to MR. Watkins' constitutional right to be free from unreasonable searches and seizures. By causing the death of KEITH SILAS WATKINS, these actions additionally violated all plaintiffs' Fourteenth Amendment rights to substantive due process, privacy, as well as their right to associate with their father, their right to enjoy the care, companionship, familial relationship, and society of their father, and their right to be free from arbitrary and unreasonable government intrusions into their family unit, as defendants, and each of them, intruded upon with deliberate indifference and in a manner that shocks the conscience, when they used deadly and excessive force upon KEITH SILAS WATKINS.

21. These constitutional violations were proximately caused by the COUNTY OF RIVERSIDE'S' deliberate indifference to the maintenance, training, and control of the RIVERSIDE SHERIFF'S DEPARTMENT, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendant COUNTY OF RIVERSIDE, and the SHERIFF'S DEPARTMENT including, but not limited to, inadequately training and supervising police officers with respect to the reasonable and proper use of deadly

force against civilians generally, and specifically, persons operating motor vehicles, and persons present in vehicles.

22. Plaintiffs are informed and believe, and thereupon allege, that before January 23, 2007, the COUNTY OF RIVERSIDE and its SHERIFF hired, trained, supervised, employed and/or managed the individual defendant officers with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to the COUNTY OF RIVERSIDE and its SHERIFF that these officers were dangerous and violent employees, prone to fire their firearms without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual defendants' backgrounds would have led reasonable policymakers within the COUNTY OF RIVERSIDE and its SHERIFF'S DEPARTMENT to conclude that the plainly obvious consequence of the decision to hire these individual defendants would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, THE COUNTY OF RIVERSIDE and its SHERIFF'S DEPARTMENT were deliberately indifferent to plaintiffs' federally protected rights when the individual defendants named herein were hired, retained, and later supervised.

23. As set forth in the foregoing paragraphs of this Complaint, Defendants' shooting of KEITH SILAS WATKINS was an unconstitutional display of unreasonable, excessive and deadly force, which violated KEITH SILAS WATKINS'S Fourth Amendment right to be free from unreasonable seizures. Plaintiffs allege that the details of this incident have been revealed to the authorized policy makers within the COUNTY OF RIVERSIDE and its SHERIFF'S DEPARTMENT, and that such policy makers have direct knowledge of the fact that KEITH SILAS WATKINS'S shooting was not justified, but rather represented an

unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within the COUNTY OF RIVERSIDE and the RIVERSIDE SHERIFF'S DEPARTMENT have approved of Defendants **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** shooting of KEITH SILAS WATKINS, and have made a deliberate choice to endorse that shooting of KEITH and their claimed basis for that shooting. By so doing, the authorized policy makers within the COUNTY OF RIVERSIDE and the RIVERSIDE SHERIFF'S DEPARTMENT have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

24. Despite the fact that the COUNTY OF RIVERSIDE knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, the COUNTY OF RIVERSIDE has taken no steps or efforts to prevent this course of conduct, nor to make redress to these plaintiffs or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against any of its employees or agents.

25. The above acts of omissions of the Defendants were undertaken while under color of state law and resulted in the violation of all plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the COUNTY OF RIVERSIDE and its SHERIFF'S DEPARTMENT alleged herein and as applied to KEITH SILAS WATKINS, resulted in violation of all plaintiffs' constitutional rights.

26. KEITH SILAS WATKINS had the right to be free from unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force. These rights and privileges are secured to KEITH SILAS WATKINS by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the

wrongful conduct of the Defendants which proximately caused KEITH SILAS WATKINS'S death. Plaintiffs TABITHA DEBORAH WATKINS, BRANDON DEAN RUST and KAMIA WATKINS had a Fourteenth Amendment right to substantive due process, privacy, as well as a fundamental right to associate with their father, and a right to enjoy the support, care, companionship, familial relationship, and society of their father, and a right to be free from arbitrary and unreasonable government intrusions into their family unit. All of these rights and privileges are secured to Plaintiffs TABITHA DEBORAH WATKINS, BRANDON DEAN RUST and KAMIA WATKINS by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused KEITH SILAS WATKINS'S death.

27. Each of the individual defendants and the municipal defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive plaintiffs and plaintiffs' decedent of their federally protected rights and privileges, and did in fact violate those rights and privileges, entitling plaintiffs to punitive and exemplary damages in an amount to be proven at the trial of this matter.

28. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants and each of them, plaintiffs and plaintiffs' decedent have suffered and will suffer financial loss, great mental and physical pain, suffering, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and the loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial. Additionally, plaintiffs have been forced to incur substantial amounts for

///

attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations.

29. As a further result of these acts, all plaintiffs have lost financial benefits resulting from the loss of the support and services of Decedent KEITH SILAS WATKINS in an amount to be determined according to proof at trial.

30. Plaintiffs are entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
### (By All Plaintiffs Against All Defendants for Wrongful Death)

31. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this complaint as if set forth in full at this point.

32. On October 8, 2006, Defendants **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN**, while acting in the course and scope of their employment, used excessive force against KEITH SILAS WATKINS by violently assaulting and battering KEITH SILAS WATKINS by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department issued firearms at the person of KEITH SILAS WATKINS, inflicting multiple gunshot wounds. After surviving for an appreciable period of time after being assaulted, battered, and shot, as described herein, KEITH SILAS WATKINS died as a direct and proximate result of the aforementioned gunshot wounds.

33. Both prior to and during the time in which he was shot, KEITH SILAS WATKINS was not armed with any weapon, and posed no reasonable threat of violence to Defendants, nor to any other individual. When he was shot, KEITH SILAS WATKINS made no aggressive movements, no furtive gestures, and no physical movements or statements which would inform a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.

34. Plaintiffs allege that Defendants, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently using excessive and unreasonable physical force upon the person of KEITH SILAS WATKINS, when the same was unnecessary and unjustified, negligently failing to determine that KEITH SILAS WATKINS posed no threat of physical harm to any person when he was assaulted and battered, negligently inflicting physical injury upon KEITH SILAS WATKINS as described, and negligently failing to render timely medical aid to KEITH SILAS WATKINS after he was injured. All of these negligent acts proximately caused the death of KEITH SILAS WATKINS, as described herein.

35. Plaintiff alleges that on and before January 23, 2007, individual employees of the COUNTY OF RIVERSIDE, while working in the course and scope of their employment, negligently hired, trained, supervised, employed and managed Defendants **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** in that said employees of the COUNTY OF RIVERSIDE knew or, in the exercise of reasonable diligence, should have known, that said officers were dangerous and violent employees, prone to provoke and initiate physical confrontation without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of civilian citizens, and assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. All of these negligent acts proximately caused the death of KEITH SILAS WATKINS, as described herein.

36. As a proximate result of all of the above mentioned conduct of defendants, and each of them, KEITH SILAS WATKINS was shot and killed on January 23, 2007.

37. As a proximate result of the above-mentioned conduct of Defendants, and each of them, KEITH SILAS WATKINS was required to employ and did employ medical personnel, physicians and surgeons prior to his death to examine, treat, and

-11-

care for him, and incurred additional medical expenses for emergency treatment, hospital bills, and other incidental medical expenses in an amount according to proof at trial.

38. As a proximate result of the death of the decedent and the above-described conduct of defendants, and each of them, all plaintiffs have sustained substantial economic and non-economic damages resulting from the loss of the care, love, comfort, society, attention, services and support of their father KEITH SILAS WATKINS in an amount according to proof at trial.

39. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of the KEITH SILAS WATKINS, all plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## PUNITIVE DAMAGES

40. The acts and omissions of the individual DOE defendants, **ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ,** and **ANDREW SULLIVAN** were done with malice and oppression and with conscious disregard of the likelihood that serious injury and death would be caused to KEITH SILAS WATKINS, with conscious disregard of the likely violations of his constitutional rights, and with conscious disregard of the loss and injury that would be caused to Plaintiffs. Plaintiffs therefore seek punitive damages from individual defendants who are not otherwise immune from such damages.

## JURY DEMAND

41. Plaintiffs hereby demand that a jury be empaneled for the trial of this matter.

/ / /
/ / /
/ / /
/ / /

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a. For burial and funeral related expenses;

b. For general damages;

c. For medical and related expenses according to proof at trial;

d. For loss of financial support;

e. For decedent Keith Silas Watkins' loss of enjoyment of life;

f. For punitive damages against individual defendants not immune;

g. For punitive damages against the individual defendants in an amount to be determined according to proof at trial;

h. For attorneys' fees, investigation fees, and expert witness fees incurred herein; and

i. For such other and further relief as the Court deems just and proper.

DATED: September 29, 2008

REID & HELLYER
A PROFESSIONAL CORPORATION

By: /s/ Andrew I. Roth
Andrew I. Roth
Attorneys for Plaintiffs Tabitha Deborah Watkins by her guardian ad litem Thelma Byrd, Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia Watkins by her guardian ad litem Karen Phelps

EXHIBIT 1

**REID & HELLYER**
A Professional Corporation
ANDREW I. ROTH, State Bar No. 049151
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415
aroth@rhlaw.com

EMILE M. MULLICK, State Bar No. 146706
330 North "D" Street
San Bernardino, California 92401
Telephone: (909) 384-1975
emullick@mullick-law.com

Attorneys for Plaintiffs Tabitha Deborah Watkins by her guardian ad litem Thelma Byrd, Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia Watkins by her guardian ad litem Karen Phelps

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA DEBORAH WATKINS by her guardian ad litem Thelma Byrd, BRANDON DEAN RUST by his guardian ad litem Diane Rust, and KAMIA WATKINS by her guardian ad litem Karen Phelps,<br><br>Plaintiffs,<br><br>v.<br><br>RIVERSIDE COUNTY and RIVERSIDE COUNTY SHERIFF'S DEPUTIES DOE 1 through 10,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF DIANE RUST ON BEHALF OF BRANDON DEAN RUST, A MINOR**<br>**(CAL. CIV. CODE §377.11)** |

Diane Rust, Declarant, hereby states:

1. That Keith Silas Watkins is the name of the decedent.

2. That Keith Silas Watkins died on January 23, 2007, on April Drive in the Home Gardens area of the County of Riverside, State of California.

1     3.      That no proceeding is now pending in California for administration of the decedent's estate.

    4.      That the declarant's minor child Brandon Dean Rust, born January 20, 1999, is the son of the decedent and is the decedent's successor in interest as defined in section 377.11 of the California Code of Civil Procedure and succeeds to the decedent's interest in the action or proceeding.

    5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

    6.      I am aware that Tabitha Deborah Watkins, born May 14, 1992, and Kamia Watkins, born July 13, 2000 claim an equal right through their Guardian ad Litems, respectively, Thelma Byrd and Karen Phelps.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct.

Executed on _____, 2008 at _____,
                                                                                              (City)

_____.
(State)

                                         <u>SEE ATTACHED PAGE FOR SIGNATURE</u>
                                                        Diane Rust, Declarant

KEID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

S:\WP\W0951\001\PLEADINGS\DECLARATION OF DIANE RUST.wpd     -2-

DECLARATION OF DIANE RUST

1  3.  That no proceeding is now pendi█████████ia for administration of
2  the decedent's estate.
3  4.  That the declarant's minor child █████████ Rust, born January 20,
4  1999, is the son of the decedent and is the decedent's successor in interest as defined
5  in section 377.11 of the California Code of Civil Procedure and succeeds to the
6  decedent's interest in the action or proceeding█████████
7  5.  No other person has a superior right to commence the action or
8  proceeding or to be substituted for the decede████████ding action or proceeding.
9  6.*  I am aware that Tabitha Deborah Watkins, born May 14, 1992, and
10 Kamia Watkins, born July 13, 2000 claim an equal right through their Guardian ad
11 Litems, respectively, Thelma Byrd and Karen █████████
12 I declare under penalty of perjury, under ████████ the State of _ND_,
13 that the foregoing is true and correct.
14    Executed on _Feb. 20_____, 2008 at _Harwood_____,
                                                        (City)
15 _ND_____.
   (State)
16
17                                          _Diane Rust_
                                            Diane Rust, Declarant

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

S:\WP\W0951\001\PLEADINGS\DECLARATION OF DIANE RUST.wpd

-2-

**DECLARATION OF DIANE RUST**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3880 Lemon Street, Fifth Floor, Post Office Box 1300, Riverside, California 92502-1300.

On October __, 2008, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

John M. Porter, Esq.
Lewis Brisbois, et al
650 East Hospitality Lane, Suite600
San Bernardino, CA 92408
Attorneys for Defendants

[✓]   BY MAIL

    [ ]   I deposited such envelope in the mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

    [✓]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October __, 2008, at Riverside, California.

[✓]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Julie M. Ruschell
Type or print name

Signature

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771