John M. Porter, SBN 62427
**LEWIS, BRISBOIS, BISGAARD & SMITH LLP**
650 E. Hospitality Lane, Suite 600
San Bernardino, CA 92408
Phone: (909) 387-1130
Fax: (909) 387-1138

Christopher D. Lockwood, SBN 110853
**Arias & Lockwood**
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185

Attorneys for defendants County of Riverside, Armando Portales, Juvien Galzote, Isaac Perez, and Andrew Sullivan

## DISTRICT COURT OF THE UNITED STATES

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.D.W. et al,<br><br>    Plaintiffs<br><br>v.<br><br>RIVERSIDE COUNTY et al,<br><br>    Defendants | CASE NO. CV 08-232 CAS (JWJ)<br><br>MOTION IN LIMINE NUMBER 2 TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT NEGLIGENT HIRING, TRAINING AND RETENTION<br><br>DATE: July 27, 2009<br>TIME: 10:00<br>ROOM: 5 |

    Defendants move the court for an order in limine excluding evidence and argument based on a negligent hiring, training and retention theory.

DATED: July 2, 2009

                        ARIAS & LOCKWOOD

                        By
                        Christopher D. Lockwood
                        Attorneys for defendants County of Riverside, Armando Portales, Juvien Galzote, Isaac Perez, and Andrew Sullivan

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEET AND CONFER COMPLIANCE**

I sent a draft of this motion to Plaintiffs' counsel and then discussed it with Plaintiffs' counsel.  We were unable to reach an agreement on the issues presented by this motion.

Christopher D. Lockwood

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is based on fatal shots fired at plaintiffs' decedent. The shots followed a vehicle pursuit.

In the first amended complaint, Plaintiffs allege negligent hiring, training and supervision as part of their state law wrongful death claim. Evidence based on that theory should be excluded as irrelevant and pursuant to FRE 403.

## I

## PLAINTIFFS' ALLEGATIONS

The second claim alleges wrongful death under California law. Some of the allegations in that claim allege negligent hiring, training and supervision of the deputies.

## II

## THIS EVIDENCE IS IRRELEVANT AND SHOULD BE EXCLUDED UNDER FRE 403

Under California law, an employer, including a public entity employer, is liable in respondeat superior for the acts of its employees in the course and scope of their employment. Government Code § 815.2(a); John R. v. Oakland Unified School District, 48 Cal.4th 438, 447 (1989). Defendants have stipulated that all of the deputies acted in the course and scope of their employment. As a result, if the deputies are found liable under California law, the County is also inherently liable under California law as well.

Under California law, the only relevance of a theory of negligent hiring, training and supervision is if an employee is acting outside the course and scope of employment; that theory is a potential basis for holding an employer liable for acts outside the course and scope of employment. The issue often arises when an employee engages in sexual misconduct or other types of intentional tortious

1   conduct outside the course and scope of employment.  See, e.g., <u>John R. v. Oakland</u>

2   <u>Unified School District</u>; <u>Phillips v. TLC Plumbing</u>, 172 Cal.App.4th 1133 (2009).

3       Since there is no dispute about course and scope, and since California law

4   provides automatic respondeat superior liability for torts committed in the course

5   and scope, under California law it is simply irrelevant whether there was any

6   negligence in the hiring, training or supervision of the deputies.

7       However, if Plaintiffs were to introduce evidence suggesting negligence in

8   the hiring, training and supervision of Defendants, Defendants would be forced to

9   present contrary evidence to show the lack of negligence.  This would result in a

10  series of mini-trials on issues completely irrelevant to the lawsuit, would prolong

11  the trial, and would divert the jury's attention from the real issues in the case.

12  DATED: July 2, 2009                ARIAS & LOCKWOOD

13

14                                By

15                                Christopher D. Lockwood

16                                Attorneys for defendants County of
Riverside, Armando Portales, Juvien
Galzote, Isaac Perez, and Andrew
Sullivan

17

18

19

20

21

22

23

24

25

26

27

28