1  **REID & HELLYER**
   A Professional Corporation
2  ANDREW I. ROTH, State Bar No. 049151
   DALE GALIPO, State Bar No. 144074
3  3880 Lemon Street, Fifth Floor
   Post Office Box 1300
4  Riverside, California 92502-1300
   Telephone: (951) 682-1771
5  Facsimile: (951) 686-2415
   aroth@rhlaw.com
6  dalegalipo@yahoo.com

7
   Attorneys for Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia
8  Watkins by her guardian ad litem Karen Phelps

9
                     UNITED STATES DISTRICT COURT
10
                     CENTRAL DISTRICT OF CALIFORNIA
11

12
   TABITHA DEBORAH WATKINS by              ) CASE NO. EDCV 08-232 CAS (JWJx)
13 her guardian ad litem Thelma Byrd,      )
   BRANDON DEAN RUST by his                ) **PLAINTIFFS' OPPOSITION TO**
14 guardian ad litem Diane Rust, and       ) **DEFENDANTS' MOTION IN**
   KAMIA WATKINS by her guardian ad        ) **LIMINE NUMBER __**
15 litem Karen Phelps,                     ) **TO PRECLUDE EVIDENCE AND**
                                           ) **ARGUMENT THAT NON-**
16         Plaintiffs,                     ) **COMPLIANCE WITH INTERNAL**
                                           ) **POLICIES IS A GROUND FOR**
17    v.                                   ) **LIABILITY**
                                           )
18 RIVERSIDE COUNTY and                    )
   **ARMANDO PORTALES, JUVIEN**            )
19 **GALZOTE, ISAAC PEREZ,** and           )
   **ANDREW SULLIVAN,**                    )
20 **INDIVIDUALLY AND AS COUNTY**          )
   **OF RIVERSIDE DEPUTY**                 )
21 **SHERIFFS, and** RIVERSIDE             )
   COUNTY SHERIFF'S DEPUTIES               )
22 DOES **4** through 10,                  )
                                           )
23         Defendants.                     )
                                           )
24                                         )
   _____
25
          Plaintiffs submit this opposition and memorandum of points and authorities in
26
   opposition to "Defendants' Motion in Limine Number __ to Preclude Evidence and
27
   Argument That Non-compliance with Internal Policies Is a Ground for Liability,"
28

S:\WP\W0951\001\PLEADINGS\OPPOSITION TO MOTION IN LIMINE.wpd    -1-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER TO PRECLUDE EVIDENCE

and ask the Court to deny that motion in its entirety.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Based on *Drummond v. City of Anaheim*, 343 F.3d 1052, (9th Cir. Cal. 2003) and the en banc opinion in *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.), evidence of the Defendants' policies and execution thereof are relevant and admissible in the jury's evaluation of the totality of the circumstances as they relate to the violation of rights and as to claims of qualified immunity. Defendants motion to exclude evidence of policy should be denied.

To the extent that neither violation of a department policy nor compliance with a department policy is *dispositive* of the issue in this case (i.e., violation of constitutional right or qualified immunity for such violation), Defendants' argument is correct. Where it fails, however, is in suggesting that such evidence is not *relevant* nor *admissible*. Defendants' reliance on *Case v. Kitsap County Sheriffs Department* 249 F.3d 921 (9th Cir. 2001) is misplaced because that case had nothing to do with the admission of evidence at trial but rather with review of summary judgment. In fact, in *Case* there was no contention that the evidence was improperly admitted or should not be considered.

Defendants shot and killed Keith Watkins, claiming it was done to protect the officers from injury (shooting at first in response to his driving, and then inflicting the fatal wound in response to him reaching for a gun that wasn't there.) Their shooting began after, ***in accord with RSO policy and practice***, they had left over 11 feet of space for Mr. Watkins to use to drive away. As soon as he started in that direction, Officer Portales first closed his driver's door which allowed an even wider space. Portales then stepped back, stopped, and started shooting at Mr. Watkins through the windshield, continuing to shoot (through the driver's window now) as the car was parallel to him. Other officers opened fire at about the same time. After Mr. Watkins had been shot (most likely in his hands, arms and head), his car coasted into the side of Defendant Perez' unit and stopped. Portales and Sullivan then

S:\WP\W0951\001\PLEADINGS\OPPOSITION TO MOTION IN LIMINE.wpd    -2-
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER TO PRECLUDE EVIDENCE

walked up to the right rear passenger window and shot Mr. Watkins in his upper shoulders and in the back of the neck, killing him with one bullet that transected his spine.

The evidence will show that leaving the escape route and then placing one's self in the path of the victim's car is a tactical policy and practice of Defendant County which is tantamount to setting a deadly trap; it is unreasonable and creates a pretext for using deadly force to effect a traffic stop. It violates basic Police Officer Standards of Training. Under the totality of the circumstances it is an unconstitutional use of excessive force and in violation of clearly established law.

The admissibility of this evidence in such a case in the Ninth Circuit is informed by the Court's decision in *Drummond v. City of Anaheim*, 343 F.3d 1052, (9th Cir. Cal. 2003) and in particular the following statement:

> "Not only was there ample publicity in Southern California regarding similar instances of asphyxiation as a result of the use of similar force in the months before the incident, see $ 650,000 Settlement OKd in Inmate Death, L.A. TIMES, Feb. 24, 1999, at B4; Supervisors Asked to OK $ 2.5 Million to Settle Suits, L.A. TIMES, Feb. 2, 1999, at B1; but, more important, the Anaheim police department had issued a training bulletin in April of 1998 specifically warning officers that "when one or more [officers] are kneeling on a subject's back or neck to restrain him, compression asphyxia can result ['t]hat may be a precipitating factor in causing death.' " Anaheim Training Bulletin # 98-14 (Apr. 1998). ***Although such training materials are not dispositive, we may certainly consider a police department's own guidelines when evaluating whether a particular use of force is constitutionally unreasonable.*** As the Fifth Circuit stated, "it may be difficult to conclude that the officers acted reasonably if they performed an action that had been banned by their department or of whose dangers in these circumstances they had been warned." Gutierrez v. City of San Antonio, 139 F.3d 441, 449 (5th Cir. 1998). See also Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) ("Thus, if a police department limits the use of chokeholds to protect suspects from being fatally injured, . . . such regulations are germane to the reasonableness inquiry in an excessive force claim.") (internal citations omitted). n6"

Drummond, supra, 343 F.3d at 1059, footnote omitted, emphasis added.

At p. 1062 the Court repeated the relevance of policy evidence in the context of the qualified immunity determination: "***Anaheim's training materials are relevant not only to whether the force employed in this case was objectively unreasonable, see supra section I.A.3, but also to whether reasonable officers***

1 ///

2 *would have been on notice that the force employed was objectively unreasonable."*

3 Drummond, supra , at 1062 , emphasis added.

4 (A third basis for relevance and admissibility is the Monell analysis: it is this
5 very policy and practice which caused the death of Keith Watkins, and the County is
6 thereby directly liable regardless of any claim its deputies may make as to qualified
7 immunity based on "just following orders.")

8 In addition, in 1991 the Ninth Circuit, en banc, discussed the issue, stating:

> "Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury. Smith offered an expert declaration on the training of police dogs and police dog handlers. Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon *California's Peace Officer Standards and Training*, which are applicable to all state police officers and are a part of Department policy. He concluded that the officers could and should have used control holds to complete the arrest rather than to sic Quando on him once they had him restrained on the ground. See also Hemet Chief of Police, " *Use of Force,"* Gen. Order No. U-102 (discussing "professional presence," " compliance techniques," and other "intermediate force" less likely to cause death or serious injury). *A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable.* See *Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir.1991)"

17 *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.), cert. denied 545 U.S.
18 1128, 125 S.Ct. 2938, 162 L.Ed.2d 866 (2005) (en banc), emphasis added.

19
20 DATED: July 13, 2008                REID & HELLYER
                                       A PROFESSIONAL CORPORATION
21
22                                     By: _____
23                                         Andrew I. Roth
                                           Attorneys for Plaintiffs Tabitha
24                                         Deborah Watkins by her guardian ad
                                           litem Thelma Byrd, Brandon Dean
25                                         Rust by his guardian ad litem Diane
                                           Rust, and Kamia Watkins by her
                                           guardian ad litem Karen Phelps
26
27
28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

      I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3880 Lemon Street, Fifth Floor, Post Office Box 1300, Riverside, California 92502-1300.

      On July 14, 2009, I served the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBER __** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

John M. Porter, Esq.
Lewis Brisbois, et al
650 East Hospitality Lane, Suite600
San Bernardino, CA 92408
porter@lbbslaw.com

[✓]   **BY ELECTRONIC MAIL**: At approximately 3̲4̲5̲, I caused said document(s) to be transmitted by electronic mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

Executed on July 14, 2009, at Riverside, California.

[✓]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rachel D. Stowe
Type or print name             Signature