**REID & HELLYER**, APC
ANDREW I. ROTH, State Bar No. 049151
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415
aroth@rhlaw.com

**LAW OFFICES OF DALE K. GALIPO**
DALE K. GALIPO, State Bar No. 144074
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:(818) 347-3333
Facsimile: (818) 347-4118
dalegalipo@yahoo.com

Attorneys for Plaintiffs Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia Watkins by her guardian ad litem Karen Phelps

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON DEAN RUST by his guardian ad litem Diane Rust, and KAMIA WATKINS by her guardian ad litem Karen Phelps,<br><br>Plaintiffs,<br><br>v.<br><br>RIVERSIDE COUNTY and ARMANDO PORTALES, JUVIEN GALZOTE, ISAAC PEREZ, and ANDREW SULLIVAN, INDIVIDUALLY AND AS COUNTY OF RIVERSIDE DEPUTY SHERIFFS, and  RIVERSIDE COUNTY SHERIFF'S DEPUTIES DOES **4** through 10,<br><br>Defendants. | CASE NO.  EDCV 08-232 CAS (JWJx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO . _2_  TO EXCLUDE EVIDENCE ABOUT NEGLIGENT HIRING, TRAINING AND RETENTION** |

Plaintiffs oppose Defendant's Motion in Limine No ._2_ to Exclude Evidence about Negligent Hiring, Training and Retention.  The County's concession that it

could be held liable *indirectly*, respondeat superior, for it's deputies' negligent conduct, as well as *directly* by way of municipal practice or policy )"Monell", is no reason to find such evidence lacks relevance or should be excluded.[1]

In particular, evidence of the Sheriff's training and supervision of its deputies in their exercise of deadly force is relevant to the issues to be decided by the jury in this case. The fact that the County would be liable under California law *(respondeat superior)* even without negligent training and supervision does not diminish the relevance of this evidence to issues in dispute, including: whether the officer defendants use of force was reasonable, whether their tactics were reckless or negligent, whether their use of force was a pretext, and -- without question -- on the issue of Monell liability.

The evidence also may be relevant to the credibility of the defendant officers: the defendants, and particularly Portales, claim that their conduct was reasonable and also that they were not acting in conflict with clearly established law. Part of this argument will necessarily be that in the twenty-nine (29) or more years that Portales has been a deputy, experience, training and supervision from the department led him to believe that stepping in front of a car during the pursuit was standard procedure. If, as we believe we can show, this conduct is in fact negligent, unreasonable and leads to unnecessary force, then evidence whether or the County did train or supervise its deputies in this manner is crucial to the officers' credibility. If there is no such training or supervision, then defendants have testified falsely at deposition on a material fact. If there is a background of such training and supervision by the County, then Plaintiff intends to and should be permitted to argue it was negligence on the part of the County.

---

[1] Defendant County's position on this issue would lead to the conclusion that in a California law case involving the negligence of an employee, the employer could always exclude evidence of its own negligence even where (as in this case) it has been asserted as a basis for liability. Employer liability for negligent employment or training would disappear.

Proof that training and supervision was improper, inadequate, and likely to unnecessarily precipitate deadly force on unarmed citizens not only gives rise to municipal liability under Monell but is obviously "negligent", and to exclude such evidence would hamstring the plaintiffs in meeting their burden of proving that the conduct of the officers was unreasonable either as a result of following their training and supervision or in their conduct violating it.

The County's concession that it is liable for the negligence of its employees does not control the relevance of evidence of the County's own negligent training and supervision. The County's motion in limine should be denied.

DATED: July _17_, 2009

REID & HELLYER
A PROFESSIONAL CORPORATION

By: \s\ Andrew I. Roth
Andrew I. Roth
Attorneys for Plaintiffs Brandon Dean Rust by his guardian ad litem Diane Rust, and Kamia Watkins by her guardian ad litem Karen Phelps

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3880 Lemon Street, Fifth Floor, Post Office Box 1300, Riverside, California 92502-1300.

On July 17, 2009, I served the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO . 2 TO EXCLUDE EVIDENCE ABOUT NEGLIGENT HIRING, TRAINING AND RETENTION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

John M. Porter, Esq.
Lewis Brisbois, et al
650 East Hospitality Lane, Suite600
San Bernardino, CA 92408

[✓]   BY MAIL

   [ ]   I deposited such envelope in the mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

   [✓]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Riverside, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 17, 2009, at Riverside, California.

[✓]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Rachel D. Stowe | \s\ Rachel D. Stowe |
|---|---|
| Type or print name | Signature |