UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sandra Becerra | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Dale Galipo | John Porter |
| | Christopher Lockwood |

**Proceedings:**     **Defendants' Motions in Limine** (filed 7/2/2009)


**I.     INTRODUCTION**

On February 25, 2008, the instant action was brought by Thelma Byrd, guardian ad litem for minor plaintiff T.D.W.; Diane Rust, guardian ad litem for minor plaintiff B.D.R.; and Karen Phelps, guardian ad litem for minor plaintiff K.W., against defendants Riverside County and Riverside County Sheriff's Deputies Does 1 through 10. On September 15, 2008, the Court granted plaintiffs leave to file a first amended complaint ("FAC"). On October 3, 2009, plaintiffs filed a FAC against defendants Riverside county; Armando Portales ("Portales"), Juvien Galzote ("Galzote"), Isaac Perez ("Perez"), and Andrew Sullivan ("Sullivan"), each individually and as County of Riverside Deputy Sheriffs; and Riverside County Sheriff's Deputies Does 4 through 10.

Plaintiffs are the surviving minor children of Keith Silas Watkins ("Watkins" or "decedent"). FAC ¶ 3. Plaintiffs allege that Portales, Galzote, Perez, and Sullivan fatally shot Watkins on January 23, 2007, and that this use of force against Watkins was unreasonable, excessive, and deadly. FAC ¶ 11-12, 14. Plaintiffs bring claims for (1) civil rights violations pursuant to 42 U.S.C. § 1983 ("§ 1983") and (2) wrongful death.

On June 12, 2009, the Court dismissed plaintiff T.D.W. without prejudice as a result of T.D.W. and Byrd's repeated failure to appear for deposition and failure to respond the Court's order to show cause.

On July 2, 2009, defendants filed their motions in limine. Plaintiffs filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

oppositions to defendants' motions in limine nos. 3 and 5 on July 14, 2009. Plaintiffs also filed an untimely motion in limine that addresses the issue of bifurcation, which the Court considers herein as an opposition to defendants' motion in limine no. 6.[1] Plaintiffs filed oppositions to motions in limine nos. 1, 2, and 4 on July 17, 2009. A hearing was held on July 27, 2009.

**II.      DISCUSSION**

     **A.      DEFENDANTS' MOTION IN LIMINE NO. 1: EXCLUDE EVIDENCE THAT UNION REPRESENTATIVES AND COUNSEL WERE PRESENT DURING INTERVIEWS OF DEFENDANTS**

Defendants argue that, following the shooting of Watkins, defendants were all interviewed as part of a standard investigation of any use of force. Defendants seek an order excluding (1) evidence regarding whether counsel or union representatives were present during the interviews or talked to defendants prior to the interviews, and (2) questions at trial regarding the substance of any conversations with counsel or union representatives.

Defendants note that under Cal. Gov. Code §3303(i), "whenever an interrogation focuses on matters that are likely to result in punitive action against any public safety officer, that officer, at his or her request, shall have the right to be represented by a representative of his or her choice who may be present at all times during the interrogation." Defendants argue that there is no relevance to evidence that an attorney and union representative were present at the interrogation pursuant to Cal. Gov. Code §3303(i), and that allowing the admission of such evidence would prejudice defendants by false implication that having an attorney and representative present somehow proves

---

[1] In addition, plaintiffs filed two other motions in limine on July 14, 2009. Defendants objected to these motions on the grounds that they were filed over one week after the deadline for filing such motions, and that plaintiffs failed to meet and confer with defendants regarding these motions in violation of the Local Rules. Because these two motions were untimely, and because plaintiffs failed to show any good cause for this untimeliness, the Court declines to consider these motions herein, although plaintiffs may renew the arguments contained therein at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

wrongdoing. Mot. at 6. Therefore, defendants argue that even if there were some slight relevance to this evidence, it is far outweighed by the probable prejudice and the undue consumption of time, the need to instruct on a series of issues unrelated to the merits of the case, and the likelihood of jury confusion, and should be excluded under Fed. R. Evid. 403.

Defendants further argue that any discussions between defendants and counsel are privileged, and the fact that a union representative was present as additional representative does not destroy the privilege. Mot. at 2; citing Jenkins v. Bartlett, 487 F.3d 482, 490 (7th Cir. 2007), cert den. 128 S.Ct. 654 (presence of police liaison officer did not destroy attorney-client privilege because police liaison was present as an adjunct of the attorney to assist in "gathering information" and to provide "expert advice on the rules and procedures of the department" and therefore "play[ed] the same role as would a paralegal in a law office, a secretary, or anyone else connected with the office").

Plaintiffs, however, argue that they do not seek to introduce the contents of any privileged communications, nor do they intend to present the impression that being represented by an attorney indicates guilt of wrongdoing. Instead, plaintiffs argue that the evidence will show that while at the scene, the officers discussed the incident amongst themselves, and that, later, before the recorded interviews were taken, each of the defendants discussed the incident again with the same union representative and same attorney as the other defendants. Opp'n at 2-3. Plaintiffs argue that "it would be a gross misrepresentation to the jury if evidence of defendants' interview statements were presented with a false impression that responses were spontaneous with no prior preparation." Opp'n at 2. Plaintiffs argue that they will not attempt to suggest, however, that the decision to engage in these pre-interview discussions was improper.

The Court GRANTS defendants' motion in limine, to the extent that it seeks to exclude evidence of privileged communications and the circumstances surrounding the interview. However, plaintiffs may inquire about officers having conversations regarding the incident with one another and the police union representative prior to the recorded interview.

    **B.    DEFENDANTS' MOTION IN LIMINE NO 2: EXCLUDE EVIDENCE AND ARGUMENT ABOUT NEGLIGENT HIRING, TRAINING & RETENTION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

Defendants argue that evidence of negligent hiring, training and supervision is irrelevant and should be excluded pursuant to Fed. R. Evid. 403. Defendants note that under California law, an employer, including a public entity employer, is liable in respondeat superior for the acts of its employees in the course and scope of their employment. See Cal Gov. Code § 815.2(a). Defendants note that they have stipulated that all of the defendant deputies were acting in the course and scope of their employment. Therefore, they argue, if defendants are found liable under California law, the County is also inherently liable under California law as well. Mot. at 3. Therefore, defendants argue, evidence of negligent hiring, training, and supervision is not necessary, and would only be relevant under California law if defendants were acting outside the course and scope of their employment.

In opposition, plaintiffs argue that this evidence is unquestionably relevant for Monell purposes. In addition, they argue that the issue of training and supervision may also be relevant to the question as to whether defendants' use of force was reasonable, whether their tactics were negligent or reckless, and whether their use of force was a pretext. For example, plaintiffs argue that they expect defendants to argue that their actions were reasonable and consistent with their training, and that, therefore, evidence that the County did *not* train its deputies to act in this manner would be relevant to the officers' credibility. Furthermore, plaintiffs argue that if "there is a background of such training and supervision by the County, then Plaintiff intends to and should be permitted to argue it was negligence on the part of the County. Opp'n at 3.

The Court finds that the issue of training and supervision is not relevant to the liability phase, and therefore GRANTS defendants' motion in limine no. 2 with regard to the liability phase. However, the Court DENIES defendants' motion in limine no. 2 with regard to the Monell phase without prejudice to its being renewed.

  C. **DEFENDANTS' MOTION IN LIMINE NO 3: PRECLUDE EVIDENCE ABOUT INTERNAL POLICIES AND ARGUMENT THAT NON-COMPLIANCE WITH INTERNAL POLICIES IS A GROUND FOR LIABILITY**

Plaintiffs contend that the evidence demonstrates that when defendants began shooting at Watkins as he was driving, they had left 11 feet of space in the road for Watkins to escape. Plaintiffs argue that the creation of an 11-foot space as an escape

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

route was in accordance with Riverside internal policy. Opp'n at 3. However, plaintiffs contend that defendants shot Watkins while he was driving and that when Watkins stopped, defendants walked up to his car and shot him again. Opp'n at 2-3. Therefore, plaintiffs argue that defendants in fact obstructed Watkins' escape route by placing themselves in the path of Watkins' car. Opp'n at 3. Defendants contend that these actions were "tantamount to setting a deadly trap" were "unreasonable" and "violate[] the Police Officer Standards of Training." Opp'n at 3.

      Defendants argue that the relevant Riverside internal policy of always allowing a pursued motorist an escape route was implemented in order to reduce lawsuits by preventing a seizure under the Fourth Amendment. Mot. at 3; see Bower v. County of Inyo, 489 U.S. 593 (1989 (Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement through means intentionally applied"). Defendants argue that evidence of the internal policy should be excluded, because failure to comply with internal regulation is not a basis for liability. Mot. at 3; See Case v. Kitsap County Sheriffs Department, 249 F.3d 921 (9th Cir. 2001) (in determining whether defendants were entitled to qualified immunity in a § 1983 action, "[w]hether deputies violated a state law or an internal department policy is not the focus of our inquiry. . . . Rather, our focus is on whether a reasonable officer would have known that the deputies conduct violated Case's federal statutory or constitutional rights rather than merely a state law or policy provision") (citing Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995) ("[v]iolation of a police departmental regulation is insufficient for liability under section 1983")); Backlund v. Barnhart, 778 F.2d 1386, 1390 n.4 (9th Cir. 1985) (in § 1983 case, evidence that defendant violated its own policy was "irrelevant" because "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision"). Defendants argue that "allowing the evidence to be presented would focus the jury's attention on something that as a matter of law is a non-issue." Mot. at 7.

      Plaintiffs, however, respond that while evidence of the policy is not dispositive, it is relevant to their claims. Opp'n at 3. Plaintiffs cite Drummond v. City of Anaheim, 343 F.3d 1052 (9th Cir. 2003), a § 1983 case involving alleged excessive force by police officers in subduing and restraining plaintiff. The Drummond court noted that, prior to the incident, "the Anaheim police department had issued a training bulletin in April of 1998 specifically warning officers that 'when one or more [officers] are kneeling on a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

subject's back or neck to restrain him, compression asphyxia can result ['t]hat may be a precipitating factor in causing death.'" Id. at 1059. The court held that

> [a]lthough such training materials are not dispositive, we may certainly consider a police department's own guidelines when evaluating whether a particular use of force is constitutionally unreasonable. As the Fifth Circuit stated, it may be difficult to conclude that the officers acted reasonably if they performed an action that had been banned by their department or of whose dangers in these circumstances they had been warned.

Id.

Furthermore, the court held that the training materials were relevant to the issue of whether plaintiff's right was clearly established for the purposes of the qualified immunity determination: "Anaheim's training materials are relevant not only to whether the force employed in this case was objectively unreasonable . . . but also to whether reasonable officers would have been on notice that the force employed was objectively unreasonable." Id. at1062; see also, Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. ("Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury . . . A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable").

The Court concludes that defendants have failed to demonstrate, in light of Smith, 394 F.3d 689 and Drummond, 343 F.3d 1052, that the evidence of Riverside policy is irrelevant to any issue in this case as a matter of law. Therefore, the Court DENIES defendants' motion in limine no. 3 without prejudice to its being renewed at trial.

### D.  DEFENDANTS' MOTION IN LIMINE NO 4: EXCLUDE EVIDENCE OF USES OF FORCE ON OTHER DAYS

Defendants argue that any evidence regarding defendants' use of force in incidents concerning different people on different dates is irrelevant to the instant action. Defendants argue that such evidence would have no relevance to any issue in this lawsuit, and therefore should be excluded pursuant to Fed. R. Evid. 403.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

Plaintiffs argue in opposition that they do not intend to offer evidence of defendants' use of force on any particular occasion, nor to suggest that such a prior use of force supports an inference of excessive force against decedent. Opp'n at 2. However, plaintiffs state that they would reserve the right to "use the Defendants' knowledge of police training, police tactics, and *instances of use of such tactics*, on issues including whether their conduct dealing with Mr. Watkins was reasonable, was excessive force, was reckless, was negligent, was in violation of clearly established law, [and] was a product of defendant County's policies and practices of negligent training and supervision and credibility." Opp'n at 2. For example, plaintiffs argue that defendants have stated that their actions in leaving an escape route for decedent and then standing in the path of the escape route was consistent with similar conduct in other instances by themselves and other officers, and therefore that such conduct was reasonable. Opp'n at 2. Plaintiffs wish to present evidence that such conduct is in fact uncommon and unreasonable.

The Court GRANTS defendants' motion in limine no. 4. Plaintiff may not introduce evidence of prior conduct by defendants unless defendants raise the issue.

**E. DEFENDANTS' MOTION IN LIMINE NO 5: EXCLUDE EVIDENCE AND ARGUMENT ABOUT DAMAGES NOT ALLOWED BY THE LAW**

Defendants seek to exclude evidence and argument regarding three types of damages which, they argue, are not allowed by the law: (1) damages for the decedent's pain and suffering and emotional distress; (2) hedonic damages for the decedent's loss of enjoyment of life; (3) damages for the plaintiffs' pain and suffering and emotional distress caused by decedent's death. Mot. at 5.

Federal law is silent as to what remedies are available for violations of civil rights under 42 U.S.C. § 1983. County of Los Angeles, v. Superior Court, 21 Cal.4th 292, 297 (1999), citing Carey v. Piphus, 435 U.S. 247, 255 (1978). 42 U.S.C. § 1988 directs federal courts to rely on state law to fill in gaps in federal law. See id. However, this rule is "subject to the important proviso that state law may not be applied when it is 'inconsistent with the Constitution and laws of the United States." Robertson v. Wegmann, 436 U.S. 584, 590 (1978); see also Golden State Transit Corp. v. City of Los Angeles, 773 F.Supp. 204 (C.D. Cal. 1991) ("First, courts are to look to the laws of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

United States so far as such laws are suitable to carry [the civil and criminal statutes] into effect. [42 U.S.C. § 1988.] If no suitable federal rule exists, courts undertake the second step by considering application of state common law, as modified and changed by the constitution and statutes of the forum State. A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not inconsistent with the Constitution and laws of the United States").

### A. Damages for (1) decedent's pain and suffering and (2) decedent's loss of enjoyment of life (i.e. hedonic damages)

Under California survivorship law, damages for decedent's pain and suffering, as well as hedonic damages, are not available. See Cal. Code Civ. P. § 377.34; Garcia v. Superior Court, 42 Cal.App.4th 177 (1996); County of Los Angeles, 21 Cal.4th 292, 294-95 (1999).

There are two distinct lines of cases that address the question of whether the prohibition on damages for pain and suffering and hedonic damages under California law is inconsistent with § 1983.

Defendants cite cases in which courts have held that there is no inconsistency and that, therefore, plaintiffs in § 1983 actions are not entitled to these damages. Chief among these cases is a California Supreme Court cases County of Los Angeles, 21 Cal.4th 292 (1999). In that case, plaintiff brought an action against defendant under both state law and § 1983, and died while the action was pending. Id. at 294. The court noted that California law permitted the deceased plaintiff's estate to maintain a cause of action, but that it precluded the estate from obtaining damages for decedent's pain and suffering. Id. at 294-95; see Cal. Code Civ. P. § 377.34. The court held that this state law prohibition on damages for pain and suffering was not inconsistent with federal law, and therefore found that "a federal court sitting in California and hearing a federal section 1983 action in which the plaintiff died while the matter was pending would, consistent with the dictate of 42 United States Code section 1988 that in federal civil rights actions federal courts should use the law of the forum state to fill deficiencies in federal law, apply California's survival law banning an estate from recovering damages for the decedent's pain and suffering." Id. at 307.

Similarly, in Garcia v. Superior Court, 42 Cal.App.4th 177, 179 (1996), the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

held that "the damages available under California law are not inconsistent with the compensatory and deterrent purposes of the federal Civil Rights Act. The trial court was not required to allow plaintiff to seek hedonic damages, a concept foreign to our state survival statute." Id. In particular, the Garcia court concluded that the deterrent purpose of § 1983 is served by the fact that Cal. Code. Civ. P. 377.34 explicitly allows punitive damages that the decedent would have been entitled to recover. Id. at 186.

A number of district court decisions have concurred with this reasoning. See Mahach-Watkins v. Depee, 2007 U.S. Dist. LEXIS 83685 (N.D. Cal. 2007) ("California's survival statute does not allow recovery for the decedent's loss of enjoyment of life, or the decedent's pain and suffering, and thus the Court's Section 1983 instruction did not include those damages. The Court finds no error in the instruction that was given."); Rosales v. City of Bakersfield, 2007 U.S. Dist. LEXIS 48437 *54, n.11 (E.D. Cal. 2007) (granting summary judgment on hedonic damages claim in survival action under § 1983, because "whether hedonic damages are recoverable in a survivorship action is determined by state law." and "[h]edonic damages are not recoverable in California"); Provencio v. Vasquez, 2008 U.S. Dist. LEXIS 73255 (E.D. Cal. 2008) ("This court respectfully declines to follow the reasoning of the Northern District [in Guyton v. Phillips, 532 F. Supp. 1154, 1167-68, discussed *infra* ] and Central District [in Garcia v. Whitehead, discussed *infra*], and this court agrees with the holding reached by other courts in this District and the California Court of Appeal. . . . this court finds that the Estate's claims for pain and suffering damages and hedonic damages are precluded by Section 377.34"); see also Peacock v. Terhune, 2002 U.S. Dist. LEXIS 1135 *14-15 (E.D. Cal. 2002) ("The deterrent purpose of section 1983 is adequately served by the provision of compensatory and punitive damages under the wrongful death statute. To say that the unavailability of pain and suffering damages diminishes the deterrent effect of the statute is to assume that a state actor would rather kill a person than injure him to avoid paying damages for pain and suffering").

However, a separate line of cases have found that pain and suffering and hedonic damages are available under § 1983 and are not limited by California law. In Guyton v. Phillips, 532 F. Supp. 1154, 1167-68 (N.D. Cal. 1981), Judge Patel of the Northern District held that "[t]he decedent's loss of life, which is the deprivation here, is a compensable injury that survives and is recoverable by his estate. This court concludes that the only just remedy that carries out the purposes of the Civil Rights Act of 1871 is an award of damages for the actual deprivation of right to life." In particular, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

reasoned that the deterrent purpose of § 1983 "is hardly served when the police officer who acts without substantial justification suffers a harsher penalty for injuring or maiming a victim than for killing him." Id. at 232. Judge Patel later extended her reasoning in Guyton in Williams v. County of Oakland, 915 F.Supp. 1074 (N.D. Cal. 1996), in which the court held that Cal. Code Civ. P. § 377.34 (excluding damages for pain and suffering) "is inconsistent with the purposes of section 1983 of the federal civil rights statutes."[2] Id. Similarly, in a Central District case, Garcia v. Whitehead, 961 F.Supp. 230, 233 (C.D. Cal. 1997), the Court held that "California's survivorship statute is inconsistent with the purposes of section 1983 because it excludes damages for pain and suffering of the decedent." The Court rejected the reasoning in Garcia v. Superior Court, 42 Cal.App.4th 177 (1996), stating that it did "not find persuasive the notion that punitive damages provide an adequate deterrent effect." Id. at 233; see also Berry v. Muskogee, 900 F.2d 1489 (10th Cir. 1990) (in § 1983 death cases, "[w]e believe appropriate compensatory damages would include . . . pain and suffering before death"); Bass v. Wallenstein, 769 F.2d 1173, 1190 (7th Cir. 1985) ('where the constitutional deprivation sought to be remedied has caused death, state law that precludes recovery on behalf of the victim's estate for the loss of life is inconsistent with the deterrent policy of section 1983").

Defendants respond that the cases cited by plaintiff are inconsistent with the Supreme Court's holding in Memphis Community School District v. Stachura, 477 U.S. 299 (1986). In Stachura, 477 U.S. at 305-306, the Court held that the district court erred in instructing the jury in a § 1983 case that it could award damages based on the value of importance of constitutional rights, as "[w]e have repeatedly noted that 42 U.S.C. § 1983 creates 'a species of tort liability'" and that therefore "the level of damages is ordinarily determined according to principles derived from the common law of torts." Id. The Court therefore found that "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in such cases." Id. at 310. Defendants argue that Guyton, 532 F.Supp. 1154, which predated Stachura, reached the conclusion that California law is inconsistent with the purposes of § 1983 based on the premise that § 1983 allows more than tort damages. Reply at 4, citing Guyton, 532 F.Supp. at 1167 ("A remedy must obtain by reason of the actual

---

[2] The California Supreme Court explicitly rejected Williams in County of Los Angeles. See 21 Cal.4th at 307.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

deprivation-in this case the greatest of deprivations, loss of life. Absent such a remedy, the § 1983 action amounts to little more than a tort claim"). Defendants also argue that Williams, 915 F.Supp. 1074 "was decided by the same judge who decided Guyton and simply adopted the prior opinion without acknowledging that the reasoning of the prior opinion had been overruled in Stachura." Reply at 4.

The Court acknowledges that the case law in this area is inconsistent, and finds that the reasoning of the Central District in Garcia, 961 F.Supp. at 233 and the Northern District in Guyton, 532 F. Supp. at 1167-68 and Williams, 915 F. Supp. 1074 is persuasive. Specifically, the Court finds that excluding damages of decedent's pain and suffering and loss of enjoyment of life would be inconsistent with the purposes of section 1983. See Guyton, 532. F. Supp. at 1167 (the deterrent purpose of section 1983 "is hardly served when the police officer who acts without substantial justification suffers a harsher penalty for injuring or maiming a victim than for killing him"); see also Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses § 13:02[B][1] (2009) ("[w]hen the deprivation of a federally protected right results in death, state laws that abate the § 1983 claim for relief are inconsistent with § 1983, as are state laws that provide for survival but place substantial restrictions or limitations on the recovery"). Therefore, the Court DENIES defendants' motion in limine with regard to damages for decedent's pain and suffering and loss of enjoyment of life.

### B.     Plaintiffs' Pain and Suffering

Defendants also argue that evidence regarding plaintiffs' pain and suffering and emotional distress must be excluded. Mot. at 6, citing Krouse v. Graham, 19 Cal.3d 59, 72 (1977) ("California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action"); see also Scothorn v. Kansas, 772 F.Supp. 556, 562 (D. Kan. 1991) (plaintiffs "are only seeking recovery for wrongful death damages for their grief, bereavement and mental suffering. These are not items of damages properly compensable under section 1983"). Plaintiffs present no authority and no argument as to why precluding such damages would be inconsistent with § 1983. Therefore, the Court GRANTS defendants' motion in limine no. 5 as to damages for plaintiffs' pain and suffering.

### F.     DEFENDANTS' MOTION IN LIMINE NO 6: BIFURCATE AND TO LIMIT EVIDENCE IN THE FIRST PHASE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

      Defendants request that the Court bifurcate the trial, so as to address in the first phase of the trial (1) liability, (2) compensatory damages, and (3) whether punitive damages should be awarded, and to address in the second phase of the trial (1) Monell liability and (2) the amount of punitive damages. Mot. at 1. Defendants request that the Court exclude evidence from the first phase regarding (1) police policies and procedures; (2) other incidents involving defendants; and (3) defendants' assets.

      Plaintiffs do not oppose bifurcation, but argue that the first phase should address liability only, while the second phase should deal with compensatory damages, Monell issues, whether punitive damages should be awarded, and the amount of punitive damages.

      Defendants argue that their bifurcation proposal is prudent, because if no liability is found in the first phase, there will be no need to try the Monell claim. Mot. at 3. Furthermore, defendants assert that determining compensatory damages prior to Monell is prudent, because if the jury finds excessive force in the first phase, but awards 100 percent of the compensatory damages to which plaintiffs are entitled, there would be no need to try the Monell claim, because there would be no further relief that the jury could award. Mot. at 3-4.

      Defendants also argue that plaintiffs' proposal to try compensatory damages in the second phase is undesirable, because part of the analysis for determining punitive damages is the amount of compensatory damages awarded, and therefore, compensatory damages should be tried first. Mot. at 6. Furthermore, defendants argue that their proposal is better than plaintiffs', in that it obviates the need to present complex financial information relevant to the amount of punitive damages for any defendant that the jury determines in the first phase is not liable for punitive damages. Mot. at 6.

      Plaintiffs, however, request that the Court bifurcate the issue of liability from damages, in order to exclude from the liability phase evidence of decedent's prior criminal history and alleged prior drug use, which, plaintiff argues, would be prejudicial. Pl's Mot. No. 3. Plaintiffs argue that such exclusion is appropriate, given that defendant officers were not aware of decednt's criminal history at the time of the shooting. Pl's Mot. at 4, citing Graham v. Connor, 490 U.S. 386, 397 (1989) (Fourth Amendment inquiry focuses on the objective reasonableness of the officer's actions in light of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

facts and circumstances confronting them). Plaintiffs argue that bifurcating liability from damages will "avoid the inescapable jury confusion about which evidence is relevant to liability issues and which information the jury must try to segregate from their consideration between liability and damages issues." Pl's Mot. at 5. Plaintiffs further argue that while the bifurcation proposed by plaintiffs will not prejudice defendants, defendants' proposal would prejudice plaintiffs. Mot. at 6.

  Defendants respond by arguing that while decedent's criminal history and drug use are relevant to the damages phase, as they go to the valuation of decedent's love, comfort, and society, this evidence will also, in fact, be relevant to the issue of liability. Specifically, they argue that decedent's criminal history is relevant to the reason decedent was fleeing arrest, namely that decedent was under the influence of cocaine at the time of the incident, and he did not want to be caught while on drugs and suffer another "strike" and accompanying prison time. Defendants also argue that decedent's intoxication is relevant to refute plaintiff's contention that decedent would have surrendered peacefully if defendants had acted differently, and the likely tragic consequences if defendants had allowed him to escape.

  Plaintiffs also argue the time for trial could be substantially reduced by bifurcation of liability from damages, because if the jury decides in favor of defendant officers, it will render moot all of the damage issues. Pl's Mot. at 5. Defendants, however, argue that bifurcating liability and compensatory damages will not save time, as there will be little evidence concerning compensatory damages. Reply at 3.

  The Court concludes that the trial should be bifurcated so as to try compensatory damages in the second phase. Plaintiff's criminal history may not be relevant to the liability phase, and, even if arguably relevant, it maybe outweighed by unfair prejudice under Fed. R. Evid. 403. However, the Court agrees with defendants that the question of whether punitive damages are warranted should be tried in the first phase, in order to prevent the need for the presentation of complex financial testimony if punitive damages are not awarded.

  Therefore, the Court GRANTS in part and DENIES in part defendants' motion in limine no. 6. The Court will bifurcate the trial as follows: (a) Phase 1: Liability and Malice; (b) Phase 2: <u>Monell</u> issues, amount of compensatory damages, and amount of punitive damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-232 CAS (JWJx) | Date | July 27, 2009 |
|---|---|---|---|
| Title | T.D.W., et al. v. Riverside County et al. | | |

## V.     CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS defendants' motion in limine no. 1 to the extent that it seeks to exclude evidence of privileged communications and the circumstances surrounding the interview. However, plaintiffs may inquire about officers having conversations regarding the incident with one another and the police union representative prior to the recorded interview.

(2) GRANTS defendants' motion in limine no. 2 with regard to the liability phase, and DENIES defendants' motion in limine no. 2 with regard to the Monell phase without prejudice to its being renewed at trial.

(3) DENIES defendants' motion in limine no. 3 without prejudice to its being renewed at trial.

(4) GRANTS defendants' motion in limine no. 4.

(5) GRANTS defendants' motion in limine no. 5 as to damages for plaintiffs' pain and suffering, but otherwise DENIES defendants' motion in limine.

(6) GRANTS defendants' motion to bifurcate the trial, but DENIES in part defendants' proposed method of bifurcation. The Court will bifurcate the trial as follows:

    (a) Phase 1: Liability and Malice

    (b) Phase 2: Monell issues, amount of compensatory damages, and amount of punitive damages.

IT IS SO ORDERED

|  | 00 | : | 16 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |